UNITED STATES DISTRICT COURT
MIDDLE DISTRICT of FLORIDA
TAMPA DIVISION

BEVERLEY M. BAILEY,
       Plaintiff,
vs.                               CASE NO.:

CITY OF TAMPA, a Municipal
Corporation; and, OFFICER JASON M.
BROCATO his Individual Capacity,
       Defendant.
_____/

## COMPLAINT

Plaintiff, BEVERLEY M. BAILEY, by and through his undersigned attorney, complains and alleges as follows:

### Nature of the Case

1. This is a civil rights action arising from Defendants' unreasonable use of excessive force against Plaintiff on or about August 17, 2007, in Tampa, Florida.

### Jurisdiction and Venue

2. This action is brought pursuant to 42 U.S. C.A. Sections 1983 and 1988 and the Fourth Amendment to the United States Constitution. Jurisdiction is founded on 28 U.S.C.A. Sections 1331 and 1343 (a) (3) and (4), and the abovementioned statutory and constitutional provisions. The amount in controversy in this case, excluding interest and costs, exceeds the minimum jurisdictional limits of this Court.

1

3. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C.A. Section 1367 to hear and decide claims arising under state law.

4. The events and/or omissions complained of herein occurred in Hillsborough County, Florida, and this action is properly assigned to the Tampa Division of the United States District Court for the Middle District of Florida.

### Parties

5. Plaintiff, Beverly Bailey (Hereinafter "Plaintiff") is a man of African American origin, and a United States citizen, residing in Lakeland, Polk County, Florida.

6. Defendant, City of Tampa (hereinafter "City") is a public entity established and maintained by the laws and municipal ordinances of the governing body, and owns, operates, manages, directs, and controls the Tampa Police Department (hereinafter "TPD"), and together with the Tampa Police Department, employs and/or is responsible for the other Defendant in this action.

7. At all times relevant to this action, Defendant Officer Jason M. Brocato, (hereinafter "Brocato"), was a law enforcement officer employed as a Tampa police officer by Defendant City, and was acting within the course and scope of that employment.

8. At all times relevant to this action, Defendant Officer Brocato engaged in tortuous activity, resulting in the deprivation of Plaintiff's constitutional rights and other harm.

9.  At all material times, Defendant acted under color of the laws, statutes, ordinances and regulations of the City of Tampa, the State of Florida, and the United States.

10. The acts and omissions of the Defendant Brocato as set forth herein at all material times were pursuant to the actual customs, policies, practices, and procedures of the Tampa Police Department, City of Tampa, and State of Florida.

11. This Complaint may be, and is pleaded in the alternative pursuant to Fed. R. Civ. P. 8(e)(2).

## General Allegations

12. On the night of August 16, 2007, Plaintiff traveled to Club Empire in Ybor City (a suburb of Tampa, Florida) for an evening of fun with several friends. Plaintiff and his friends remained at the club until closing at or around 3:00a.m. the following morning.

13. After leaving the club, the group walked across the parking lot near the club to reach their vehicles.

14. In the process, a car passed and at least one of its male occupants uttered words to a female who was walking in Plaintiff's group; the female responded with words.

15. Immediately an argument ensued; the male exited the car and the two began arguing in close proximity to each other.

16. Plaintiff quickly stepped in between the two to stop the fight; but, soon realized that he was defending himself from attack of two males from the group that had ridden by in the passing vehicle.

17. Someone from the gathering then pulled a gun and began firing the weapon.

18. When the gunfire ceased, Plaintiff felt someone push him into the vehicle which he was to travel in prior to the car moving away.

19. As Plaintiff and his friends attempted to locate the interstate, two police cars blocked the vehicle in which he was a passenger.

20. As soon and the vehicle stopped moving, Plaintiff exited the vehicle; and, laid "still" on the ground with his hands on his head until an unknown police officer approached Plaintiff and placed his hands in cuffs.

21. Police then lead Plaintiff to a police cruiser whereat another officer was standing.

22. Moments later, Plaintiff was startled when defendant BROCATO rushed over to Plaintiff, shouting, "you like shooting at police, you think that's fun."

23. Plaintiff replied, "No, I was not the one shooting."

24. Defendant Brocato then leaned toward Plaintiff while violently pushing him toward the back seat of the police car while Plaintiff remained handcuffed.

25. Defendant BROCATO then drew his hand backward and struck Plaintiff in the face with a closed fist causing Plaintiff to fall over from the blow.

26. Afterward, Defendant BROCATO walked away from the police cruiser while Plaintiff remained handcuffed and under the stress of being punched in the face.

27. This blow to Plaintiff's face caused Plaintiff to suffer initial shock; then, intense pain that continues to recur to date.

28. Police would later test Plaintiff's hands for gun powder residue with negative results, prior to placing him in the back seat of (another) waiting police cruiser with other law enforcement officers standing by. None of the law enforcement officers present intervened to aid and/or protect Plaintiff; or, reprimand Defendant Brocato.

29. Police eventually transported Plaintiff to police headquarters where he underwent extensive interrogation for greater than six (6) hours.

30. To date, police never charged Plaintiff with a criminal offense related to the August 17, 2007 incident.

31. At all times during Plaintiff's contact with Defendants, Plaintiff behaved peacefully, and never displayed any weapon nor threatened the safety of any person.

32. The force used by Defendants against Plaintiff was unjustified, excessive and objectively unreasonable under the circumstances.

33. Defendants' seizure of Plaintiff lasted an excessive amount of time, was conducted unreasonably, and was done without probable cause, reasonable suspicion, or other legal right.

34. At all material times, and alternatively, the actions and omissions of each Defendant were intentional, wanton, and/or willful, conscience shocking, reckless, malicious, deliberately indifferent to Plaintiff's right, done with actual malice, grossly negligent, negligent, and were objectively unreasonable.

35. As a direct and proximate result of each of Defendants' acts and/or omissions as set forth above, Plaintiff sustained the following injuries and damages, past and future, among others:

   a. permanent injury to his face as a result of Defendant Brocato forcefully punching Plaintiff with a closed fist;

   b. wrongful seizure;

   c. humiliation;

   d. pain and suffering, including emotional distress;

   e. medical expenses;

   f. loss wages and earning capacity;

   g. violation of constitutional rights; and

   h. all damages and penalties recoverable under 42 U.S.C.A. Sections 1983 and 1988, and as otherwise allowed under Florida law and United States statutes, codes and common law.

36. Plaintiff has fully complied with all conditions precedent to bringing this action imposed by the laws of the State of Florida, and particularly the provisions of §768.28 of the State of Florida.

## First Cause of Action
## EXCESSIVE USE OF FORCE BY DEFENDANT BROCATO, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against defendant BROCATO, individually, in Count I, plaintiff states:

37. Plaintiff realleges and adopts, as if fully set forth in Count I, the allegations of paragraphs __1-36__.

38. By the actions and omissions described above, Defendant Brocato deprived Plaintiff of the following clearly established and well-settled constitutional rights protected by the Fourth Amendment to the U.S. Constitution, of which a reasonable person would have known:

    a. The right to be free from unreasonable seizures as secured by the Fourth Amendment;

    b. The right to be free from excessive and/or objectively unreasonable force in the course of arrest or detention as secured by the Fourth Amendment;

39. As a direct and proximate result of Defendant Brocato's acts and/or omissions, Plaintiff sustained injuries and damages as set forth above in paragraph 35.

40. Defendant Brocato subjected Plaintiff to his wrongful conduct, depriving Plaintiff of rights described above knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff and others would be violated by his acts and/or omissions.

7

41.     The conduct of Defendants entitles Plaintiff to punitive damages and penalties under 42 U.S.C.A. Section 1983.

42.     Plaintiff is also entitled to reasonable costs and attorneys' fees under 42 U.S.C.A. Section 1988.

   **WHEREFORE**, Plaintiff requests relief as follows:

   I.      Compensatory and exemplary damages in an amount according to proof and which is fair, just and reasonable;

   II.     Any and all punitive damages allowable under 42 U.S.C.A. Section 1983 against the individual defendant in an amount according to proof and which is fair, just and reasonable;

   III.    All damages, penalties, costs, interest; and,

   IV.     Trial by jury as to all issues so triable.

**Second cause of Action**
**42 U.S.C.A. section 1983**
**MUNICIPAL LIABILITY AGAINST THE CITY OF TAMPA**

43.     The allegations of paragraphs 1-36 are realleged and incorporated herein by reference.

44.     Plaintiff is informed and believes, and on the basis of such information and belief alleges that the unconstitutional actions and/or omissions of Defendant Brocato were pursuant to the following customs, policies, practices, and/or procedures of the Defendant City of Tampa, which were directed encouraged, allowed, and/or ratified by the appropriate policy-making officers for Defendant City:

    a.    to use or tolerate the use of excessive force, objectively unreasonable force, and/or unjustified force, including in the use and application of blows to the face of a handcuffed citizen;

    b.    to engage in or tolerate unreasonable seizures;

    c.    to fail to institute, require, and enforce proper and adequate training, supervision, policies, and procedures concerning seizures and the use of control techniques;

    d.    to fail to institute, require, and enforce proper and adequate training, supervision, policies, and procedures concerning the use of physical force;

    e.    to cover up violations of constitutional rights by any or all of the following:

    (i)    by allowing, tolerating, and/or encouraging police officers to file incomplete and inaccurate police reports; file false police reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful police conduct, by withholding and/or concealing material information;

    (ii) by allowing, tolerating, and/or encouraging its officers not to intervene during the misconduct of fellow police officers in the line of duty; and/or, exhibiting tacit approval of said misconduct;

      f.      to allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and police department personnel, whereby an officer or member of the department does not provide adverse information against a fellow officer or member of the department; or, hold another member accountable for official misconduct; and,

      g.      to use or tolerate inadequate, deficient and improper procedures for handling investigating, and reviewing complaints of officer misconduct, including claims made under local and state law.

45. Defendant, City of Tampa, failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendant Brocato, with deliberate indifference to Plaintiff's constitutional rights, which were thereby violated as described above.

46. The unconstitutional actions and /or omissions of Defendant Brocato were approved, tolerated, and/or ratified by policy making officers for the City of Tampa. The Plaintiff is informed and believes, and on the basis of such information and belief alleges, that the details of the incident have been revealed to the authorized policy makers within the City of Tampa, and other police department personnel, and they in turn have made a deliberate choice to endorse the decisions of that defendant officer and the basis for those decisions. By so doing, the authorized policy makers within the City of Tampa have shown affirmative agreement with the individual Defendant officer's actions, and have ratified the unconstitutional acts of the individual officers.

47.     The above-mentioned customs, policies, practices, and procedures, the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline, as well as the unconstitutional orders, approvals, ratification, and toleration of wrongful conduct of Defendant Brocato and the City of Lakeland, were a moving force and/or a proximate caused of the deprivations of Plaintiff's clearly-established and well-settled constitutional rights in violation of 42 U.S.C.A. Section 1983, as more fully set forth above.

48.     Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described in this Complaint, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of plaintiff and others would be violated by their acts and/or omissions.

49.     As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices and procedures of Defendant City of Tampa, as described above, Plaintiff sustained serious injury and is entitled to damages, penalties, costs, and attorney's fees as set forth above, and punitive damages against the City of Tampa.

**WHEREFORE**, Plaintiff requests relief as follows:

I.      Compensatory and exemplary damages in an amount according to proof and which is fair, just and reasonable

II.     Any and all punitive damages allowable under 42 U.S.C.A. Section 1983 against Defendant City in an amount according to proof and which is fair, just and reasonable;

    III.     All damages, penalties, costs, interest; and,

    IV.     Trial by jury as to all issues so triable.

### Third Cause of Action
### <u>BATTERY</u>
### <u>STATE LAW CLAIM AGAINST DEFENDANT BROCATO IN HIS INDIVIDUAL CAPACITY</u>

50. The allegations of paragraphs  1-36  set forth above are realleged and incorporated here by reference.

51. At all times, Defendant Brocato owed Plaintiff the duty to act with reasonable care, specifically, to reframe from using excessive force and/or unreasonable force against Plaintiff.

52. Defendant Brocato, through his intentional acts and omissions during the incident on August 17, 2010, breached this duty to Plaintiff.

53. Alternatively, if Defendant Brocato's actions were not committed during the course and scope of his employment for defendant City; then, Defendant Brocato committed the aforementioned acts against Plaintiff in bad faith or with malicious purpose or in a manner exhibiting wanton or willful disregard of human, safety, or property; and, Defendant Brocato committed a battery upon Plaintiff.

54. On August 17, 2007, Defendant Brocato did intentionally cause Plaintiff to be battered, touched or struck with a closed fist to Plaintiff's face without the consent of the Plaintiff and against the will of the Plaintiff.

55. The intentional, unreasonable and unnecessary use of force by Defendant Brocato resulted in a harmful, offensive contact to the person of Plaintiff.

56. As a direct and proximate result of this Defendant's harmful and offensive contact to Plaintiff, Plaintiff sustained injury and damages, and is entitled to relief.

**WHEREFORE**, Plaintiff requests relief as follows:

I. Any and all compensatory and exemplary damages in an amount according to proof and which is fair, just and reasonable, including any and all penalties, costs, interest, and attorney's fees as may be allowed by state law; and,

II. Trial by jury as to all issues so triable.

III. Such other relief as this Honorable Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

57. Plaintiff demand trial by jury on all issues so triable as of right.

Dated this ___9th___ day of April 2010.

Respectfully submitted,

/s/ Shirley D. Pellarchy, Esq.
SHIRLEY D. PELLARCHY, P.A.
Counsel for Plaintiff
490 U.S. Highway 17 South
Bartow, Florida 33830
Phone: (863) 533-3838
Fax: (863) 533-3737
Email: spellarchy@tampabay.rr.com

/s/ Charlann Jackson Sanders, Esq.
CHARLANN JACKSON SANDERS, P.A.
Counsel for Plaintiff
490 U.S. Highway 17 South

13

        Bartow, Florida 33830
        Phone: (863) 533-3838
        Fax: (863) 533-3737
        Email: Cjacksan@aol.com